UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY SHULER,

                              Plaintiff,

v.                                                    9:07-CV-0937
                                                      (TJM/GHL)

V. BROWN, et al.,

                              Defendants.

_____

APPEARANCES:                          OF COUNSEL:

ANTHONY SHULER, 94-A-6174
Plaintiff *pro se*
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ANDREW M. CUOMO                   CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
New York, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Thomas  J. McAvoy, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Plaintiff Anthony Shuler alleges that two employees of the New

York State Department of Correctional Services ("DOCS")[1] violated his constitutional rights

_____

        [1]        Plaintiff's complaint also named DOCS as a defendant.  (Dkt. No. 1 at ¶ I(B).)
The Court dismissed DOCS as a defendant upon initial review of the complaint.  (Dkt. No. 6.)

when one revealed statements he made during a counseling session and the other, based on that revelation, issued a misbehavior report that resulted in a 60-day disciplinary sentence.  (Dkt. No. 1.)

Currently pending is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)[2].  (Dkt. No. 16.)  After Defendants filed the pending motion, Plaintiff requested a voluntary dismissal without prejudice.  (Dkt. No. 19.)  The Court denied that request.  (Dkt. No. 21.)  Plaintiff has not opposed the pending motion despite having been granted an extension of time to do so and being advised of the consequences of failing to do so.  (Dkt. No. 21.)  Because I find that Plaintiff's complaint fails to state a cause of action, I recommend that Defendants' motion for judgment on the pleadings be granted.

## I.    BACKGROUND

### A.    Summary of Plaintiff's Complaint

Liberally construed, the complaint alleges as follows:

On August 25, 2006, Plaintiff went to see his Mental Health Unit counselor, Defendant V. Brown.  (Dkt. No. 1 at ¶ II(D).)  Thereafter, Defendant Brown informed Defendant Sergeant R.J. Ballard that Plaintiff had behaved inappropriately toward her.  (Dkt. No. 1 at 16.)  On September 25, 2006, Defendant Ballard issued a misbehavior report.  The report stated that when Defendant Ballard interviewed Plaintiff about Defendant Brown's allegations, Plaintiff "began

---

[2]    Defendants' memorandum of law suggests that the Court find the complaint "wholly insubstantial and frivolous" and dismiss it for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  (Dkt. No. 16-2 at 4-5.)  That suggestion did not appear in the notice of motion, the title page of the memorandum of law, or the introduction to the memorandum of law.  Accordingly, I decline Defendants' suggestion and will address Plaintiff's complaint solely under Federal Rule of Civil Procedure 12(c).

yelling 'I'll do or say what I want to these females.  I'm 41 years old and I'll do what I want.'" (Dkt. No. 1 at 10.)  After a Tier III hearing on the misbehavior report, Plaintiff was sentenced to 60 days of keeplock along with loss of commissary, package and phone privileges.  (Dkt. No. 1 at 17.)

On October 19, 2006, Plaintiff filed an inmate grievance.  (Dkt. No. 1 at 8.)  He complained that Defendant Brown had revealed the contents of their September 25, 2006, counseling session to Defendant Ballard.  *Id.*  He requested that Defendant Brown "take or re-take a course in patient confidentiality."  *Id.*  He also asked "to have no future female as my counselor, since it makes me feel very uncomfortable to deal with the other sex on that level." *Id*.  The grievance was denied.  (Dkt. No. 1 at 16.)

Plaintiff appealed his disciplinary sentence.  (Dkt. No. 1 at 11-13.)  On November 27, 2006, after Plaintiff had completed his keeplock sentence, DOCS reversed the disciplinary sentence.  (Dkt. No. 1 at 15.)

In his complaint, Plaintiff alleges that Defendants violated his civil rights by violating his right to privacy and unlawfully detaining him in keeplock.  (Dkt. No. 1 at ¶ II(D).)  Liberally construed, Plaintiff's complaint raises a right-to-privacy claim against Defendant Brown and procedural and substantive due process claims against Defendant Ballard.  Plaintiff requests $1 million in damages.  (Dkt. No. 1 at ¶ V.)

**B.**    **Summary of Grounds in Support of Defendants' Motion For Judgment on The Pleadings**

Defendants argue that (1) Plaintiff has not stated a right-to-privacy claim because he has not alleged that he suffers from a medical condition "unusual" enough to warrant privacy

protection; (2) even if Plaintiff had alleged a cognizable privacy interest, the face of the

complaint reveals that Defendant Brown's disclosure was reasonably related to legitimate

penological interests; (3) the complaint fails to state a due process claim because the face of the

complaint reveals that Plaintiff was granted a hearing and given the opportunity to rebut the

charges against him[3]; and (4) they are entitled to qualified immunity.  (Dkt. No. 16-2.)  Because I

find that the complaint fails to state a cause of action, I will not address Defendants' argument

regarding qualified immunity.

II.     **ANALYSIS**

   A.     **First Basis for Dismissal: Facial Merit of Defendants' Unopposed Motion**

        "Where a properly filed motion is unopposed and the Court determines that the moving

party has met its burden to demonstrate entitlement to the relief requested therein, the non-

moving party's failure to file or serve any papers as required by this Rule shall be deemed as

consent to the granting or denial of the motion, as the case may be, unless good cause be shown."

N.D.N.Y. L.R. 7.1(b)(3).

        Here, Defendants' motion for judgment on the pleadings was properly filed, Plaintiff has

failed to oppose it (despite being warned of the possible consequences of that failure), and

Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not

be deemed as consent to the granting of the motion.  Therefore, I must determine whether

Defendants have met their burden to "demonstrate entitlement to dismissal" under Rule 12(c).[4]

---

[3]     Defendants devoted only a four-sentence footnote to their argument regarding
Plaintiff's due process claims.

[4]     *See also* Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with
particularity the grounds therefor").

4

An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] is a more limited endeavor than a review of a contested motion for judgment on the pleadings.  Specifically, under such an analysis, the movant's burden has appropriately been characterized as "modest."[5]  This is because, as a practical matter, the burden requires only that the movant present an argument that is "facially meritorious."[6]

Here, I find that Defendants have met their lightened burden on their unopposed motion given Defendants' cogent, and legally supported, legal arguments set forth in their memorandum

---

[5]      *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *see also Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[6]      *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

of law.  (Dkt. No. 16.)  I note that this Court has, on numerous occasions, granted motions to

dismiss based on a similar facial analysis of a defendant's legal arguments (and a plaintiff's

claims).[7]

For these reasons, I recommend that the Court grant Defendants' motion for judgment on

the pleadings.

**B.      Alternative Basis for Dismissal: Substantive Merit of Defendants' Motion**

In the alternative, I recommend dismissal based on the sort of detailed scrutiny of

Defendants' legal arguments that would be appropriate on a *contest*ed motion for judgment on the

pleadings.

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the

same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v.

Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006).  Under Federal Rule of Civil Procedure

12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which

relief can be granted."  Fed. R. Civ. P. 12(b)(6).  It has long been understood that a defendant

may base such a motion on either or both of two grounds: (1) a challenge to the "sufficiency of

---

[7]       *See, e.g., Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2
(N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Local Rule 7.1[b][3], but
recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the
reasons set forth in defendants' motion papers)*, adopted by* 96-CV-1269, 1997 U.S. Dist. LEXIS
16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*,
95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.),
*adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.); *Munoz v. Coombe*, 95-CV-1191,
1996 U.S. Dist. LEXIS 15107, at *3 (N.D.N.Y. Aug. 21, 1996) (Hurd, M.J.), *adopted by* 95-CV-
1191, 1996 U.S. Dist. LEXIS 15108, at *2 (N.D.N.Y. Oct. 11, 1996) (Pooler, J.) (rejecting
plaintiff's objections, explaining that "Local Rule 7.1(b) permits the court to grant an unopposed
motion"); *Owens v. Long*, 95-CV-0604, 1996 U.S. Dist. LEXIS 6520, at *2 (N.D.N.Y. March 11,
1996) (Hurd, M.J.), *adopted by* 95-CV-0604, 1996 U.S. Dist. LEXIS 4807 (N.D.N.Y. Apr. 10,
1996) (Pooler, J.).

the pleading" under Federal Rule of Civil Procedure 8(a)(2);[8] or (2) a challenge to the legal cognizability of the claim.[9]

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain

---

[8]     *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[9]     *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[10]  The main purpose of this rule is to "facilitate a proper decision on the merits."[11]  A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[12]

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[13]  However, it is well established that even this

---

[10]     *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[11]     *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[12]     *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.).  Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g., Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

[13]     *See, e.g., Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

liberal notice pleading standard "has its limits."[14]  As a result, several Supreme Court and Second

Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading

standard.[15]

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the

Supreme Court, in reversing an appellate decision holding that a complaint had stated an

actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief."  127 S. Ct. 1955, 1968-69 (2007).[16]

---

[14]     2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

[15]     *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See, e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[16]     The Court in *Bell Atlantic* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Bell Atlantic*, 127 S. Ct. at 1969.

Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Rule 8 "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the pleader is entitled to relief," Rule 8(a)(2) requires that the pleading give the defendant "fair notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests.  *Id*. at 1965, n.3 [citation omitted].  While this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*. at 1965 [citations omitted].  What this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]."  *Id*.

As have other Circuits, the Second Circuit has repeatedly recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Bell Atlantic* governs *all* claims, not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Bell Atlantic*).[17]  The Second Circuit has also recognized that this *plausibility* standard governs claims

---

[17]      *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki,* 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe

brought even by *pro se* litigants (although the plausibility of those claims is be assessed

generously, in light of the special solicitude normally afforded *pro se* litigants).[18]

It should be emphasized that Rule 8's plausibly standard, explained in *Bell Atlantic*, was

in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson*

*v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a

claim under Rule 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted].

That statement was merely an abbreviation of the often-repeated point of law–first offered in

*Conley* and repeated in *Bell Atlantic*–that a pleading need not "set out in detail the facts upon

which [the claim is based]" in order to successfully state a claim. *Bell Atlantic*, 127 S. Ct. 1965,

n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]).  That statement in no way meant that all

pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the

claim and the "grounds" on which the claim rests without ever having to allege any facts

whatsoever.[19]  There must still be enough facts alleged to raise a right to relief above the

---

the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

[18]        *See*, *e.g.*, *Jacobs v. Mostow*, 281 F. App'x 85, 87 (2d Cir. March 27, 2008) (in pro se action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Local Rule 32.1[c][1]); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[19]        For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts

speculative level to a plausible level, so that the defendant may know what the claims are and the

grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for

dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the

complaint as true and construe all reasonable inferences in the plaintiff's favor."[20]  "This standard

is applied with even greater force where the plaintiff alleges civil rights violations or where the

---

plausibly suggesting that the termination caused the prisoner "substantial harm."  127 S. Ct. at
2199.  The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8
and *Bell Atlantic*, all that is required is "a short and plain statement of the claim" sufficient to
"give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the
plaintiff had alleged that the termination of his hepatitis C medication for 18 months was
"endangering [his] life" and that he was "still in need of treatment for [the] disease."  *Id*. at 2200.
While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision
(and the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need
mentioning in the short decision: a claim of deliberate indifference to a serious medical need
under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious
medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental
state possessed by prison officials with regard to that sufficiently serious medical need.  The
*Erickson* decision had to do with only the first element, not the second element.  *Id*. at 2199-
2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that,
during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation
plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not
*also* allege that he suffered an independent and "substantial injury" as a result of the termination
of his hepatis C medication.  *Id*.  This point of law is hardly a novel one.  For example, numerous
decisions, from district courts within the Second Circuit alone, have found that suffering from
hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment.
*See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004);
*Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson
v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002
WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL
760751, at *9 (S.D.N.Y. June 13, 2000).

[20]      *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of
motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

complaint is submitted *pro se*."[21]  In other words,  while all pleadings are to be construed

liberally under Rule 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of

liberality.

For example, the mandate to read the papers of *pro se* litigants generously makes it

appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as

effectively amending the allegations of the plaintiff's complaint, to the extent that those factual

assertions are consistent with the allegations of the plaintiff's complaint.[22]  Moreover, "courts

must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that

they suggest."[23]  Furthermore, when addressing a *pro se* complaint, *generally* a district court

---

[21]    *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[22]    "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." *Gadson v. Goord,* 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'" *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a matter of right, to amend his complaint once at any time before the service of a responsive pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39 (2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to dismiss) [citations omitted].

[23]    *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) [internal quotation and citation omitted].

"should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."[24]  Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.[25]  In addition, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."[26]

However, while this special leniency may somewhat loosen the procedural rules

---

[24]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

[25]     *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

[26]     *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted];  *see, e.g., See Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7 (N.D.N.Y. May 5, 2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the error in his complaint–the fact that plaintiff enjoyed no constitutional right of access to DOCS' established grievance process–was substantive and not formal in nature, rendering repleading futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the errors in his complaint–lack of subject-matter jurisdiction and lack of standing–were substantive and not formal in nature, rendering repleading futile) [citations omitted]; *Hylton v. All Island Cob Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the errors in his complaint–which included the fact that plaintiff alleged no violation of either the Constitution or laws of the United States, but only negligence–were substantive and not formal in nature, rendering repleading futile); *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D. Conn. Jan. 23, 2001) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the error in his complaint–the fact that the defendants were protected from liability by Eleventh Amendment immunity–was substantive and not formal in nature, rendering repleading futile).

governing the form of pleadings (as the Second Circuit very recently observed),[27] it does not

completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules

8, 10 and 12.[28]  Rather, as both the Supreme Court and Second Circuit have repeatedly

recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se*

civil rights plaintiffs must follow.[29]  Stated more plainly, when a plaintiff is proceeding *pro se*,

"all normal rules of pleading are not absolutely suspended."[30]

---

[27]        *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5
(2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally]
entails, at the very least, a permissive application of the rules governing the form of pleadings.")
[internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d
Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of
important rights because of their lack of legal training . . . should not be impaired by harsh
application of technical rules.") [citation omitted].

[28]        *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading
standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from
dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101
F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited
only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within
the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[29]        *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806,
834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant
rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,
477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of
procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.
1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural
and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir.
2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply
with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or
prejudice the adverse party").

[30]        *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y.
1980).

1.    <u>Privacy</u>

a.    *Cognizable privacy interest*

Plaintiff alleges that Defendants violated his right to privacy.  (Dkt. No. 1 at ¶ II(D).)

Defendants argue that Plaintiff has not stated a cause of action.  (Dkt. No. 16-2 at 5-7.)

Defendants are correct.

There is a constitutional right of privacy[31] that protects the individual interest against

disclosure of personal matters such as one's medical condition.  *Whalen v. Roe*, 429 U.S. 589,

598-600 (1977).  In *Doe v. City of New York*, 15 F.3d 264 (2d Cir. 1994), the Second Circuit

applied *Whalen* to hold that individuals who are HIV positive "clearly possess a constitutional

right to privacy regarding their condition."   The Second Circuit has extended this protection to

prisoners.  *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999).  These decisions do not create

an absolute right of privacy regarding a prisoner's medical condition.  Rather, the prisoner's

privacy interest will vary with the prisoner's medical condition.  *Id.* at 111; *Doe v. City of New*

*York*, 15 F.3d at 267.  This privacy interest is at its zenith when the prisoner suffers from an

"unusual" condition, such as HIV or transsexualism, that is "likely to provoke an intense desire

to preserve one's medical confidentiality, as well as hostility and intolerance from others."

*Powell*, 175 F.3d at 111.  Courts have refused to recognize a protected privacy interest where a

prisoner's medical condition is not "unusual."  *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 220

(W.D.N.Y. 2003).  Courts have also refused to recognize a protected privacy interest where there

---

[31]    The Supreme Court has ruled that "a right to privacy ... [is] derived from the Fourteenth Amendment or the 'penumbra' of other constitutional rights."  *Webb v. Goldstein*, 117 F. Supp. 2d 289, 296 (E.D.N.Y. 2000) (citing *Whalen v. Roe*, 429 U.S. 589, 598 n. 23 (1977)).

is no evidence that a prisoner's condition was revealed to other inmates.  *Leon v. Johnson*, 96 F.

Supp. 2d 244, 252 (W.D.N.Y. 2000)[32].

Here, Plaintiff has not alleged precisely what medical information he believes Defendant

Brown revealed.  He states that "the contents" of his August 25, 2006, session with Brown were

disclosed and that "the information released was not a threat to the facility, staff or the inmate

population."  (Dkt. No. 1 at 8.)  Thus, this Court cannot determine from the face of the complaint

whether Plaintiff suffers from an "unusual" condition that would be protected by his right to

privacy.  Moreover, Plaintiff does not allege that his condition, whatever it may be, was revealed

to other inmates.  Therefore, Plaintiff has not alleged a cognizable privacy interest.

   b.   *Legitimate penological interest*

Even if Plaintiff had alleged a cognizable privacy interest, his right to privacy claim

would be subject to dismissal for failure to state a claim because the face of the complaint reveals

that Defendant Brown had a legitimate penological interest in revealing information from her

counseling session with Plaintiff.

Prison officials may reveal a prisoner's medical condition, even an "unusual" medical

condition that is protected by the zenith of the prisoner's right to privacy, if the disclosure is

"reasonably related to legitimate penological interests."  *Powell*, 175 F.3d at 112.  A court can

determine whether a prison official's actions were "reasonably related to legitimate penological

interests" on a motion to dismiss.  See e.g. *Webb v. Goldstein*, 117 F. Supp. 2d 289 (E.D.N.Y.

---

[32]     Defendants have not cited, and the Court has not found, authority specifically
addressing the standard to be applied where a prison mental health official allegedly reveals
statements made by a prisoner during a counseling session.  However, the logic underlying the
disclosure-of-medical-condition cases - that prisoners have a reduced right to privacy that arises
only in unusual situations, such as those that implicate a prisoner's safety - is applicable here.

2000).

Here, the face of the complaint reveals that Defendant Brown had legitimate penological reasons for revealing information from her session with Plaintiff.  During the session with Defendant Brown, Plaintiff allegedly engaged in "inappropriate sexual behavior/conduct."  (Dkt. No. 1 at 10.)  Reporting this incident to a correctional officer was reasonably related to the legitimate penological interest of protecting prison personnel from potential threats.  See e.g. *Choice v. Coughlin*, No. 94 Civ. 8307, 1996 WL 325627 (S.D.N.Y. June 11, 1996) (prisoner's letter regarding his romantic feelings for a civilian medical employee at prison was "fundamentally inconsistent with the legitimate penological interests of the facility" because it presented "a potential threat to the safety and security of [the employee] and other prison staff.").

Therefore, it is recommended that Plaintiff's cause of action for invasion of his right to privacy be dismissed.

2.   Due Process

Plaintiff does not explicitly allege that Defendants violated his due process rights.  However, the complaint states that Defendant Ballard "wrote up a fabricated misbehavior report that led to me being sentenced to 60 days of keeplock."  (Dkt. No. 1 at ¶ II(D).)  Liberally construing the complaint, I have deemed this to be a claim that Defendants violated Plaintiff's procedural and substantive due process rights.

a.   *Procedural due process*

In order to state a claim for violation of his procedural due process rights, Plaintiff must allege facts plausibly suggesting that (1) he was deprived of a liberty interest; (2) without due process of law.  *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000).

As Defendants note, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *accord*, *Pittman v. Forte*, 01-CV-0100, 2002 WL 31309183, *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.). The only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is where the false accusation is based on something such as "retaliation against the prisoner for exercising a constitutional right." *Boddie*, 105 F.3d at 862; *accord*, *Murray v. Pataki*, 03-CV-1263, 2007 WL 965345, at *8 (N.D.N.Y. March 5, 2007) (Treece, M.J.) [citations omitted]. Here, Plaintiff does not claim that the misbehavior report was issued in retaliation for Plaintiff's exercise of a constitutional right. Accordingly, the complaint does not state a claim for a procedural due process violation based on the filing of an allegedly false misbehavior report.

The complaint could also be construed as stating a procedural due process claim based on the length of Plaintiff's keeplock detention. Although Defendants did not address this claim, I will do so *sua sponte* under 28 U.S.C. § 1915(e)(2). An inmate has a liberty interest in remaining free from a confinement or restraint where (1) the state has granted its inmates, by regulation or statute, an interest in remaining free from that particular confinement or restraint; and (2) the confinement or restraint imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Tellier*, 280 F.3d at 80; *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996). Regarding the first prong of this test, "[i]t is undisputed ... that New York state law creates a liberty interest in not being

19

confined to the SHU[33]."  *Palmer v. Richards*, 364 F.3d 60, 64 n.2 (2d Cir. 2004).  The issue,

then, is whether Plaintiff's keeplock confinement  imposed "an atypical and significant hardship

on [him] in relation to the ordinary incidents of prison life."

In the Second Circuit, determining whether a disciplinary confinement constituted an

"atypical and significant hardship" requires examining "the extent to which the conditions of the

disciplinary segregation differ from other routine prison conditions and the duration of the

disciplinary segregation compared to discretionary confinement."  *Palmer*, 364 F.3d at 64.

Where a prisoner has served less than 101 days in disciplinary segregation, the confinement

constitutes an "atypical and significant hardship" only if "the conditions were more severe than

the normal SHU conditions[34]."  *Palmer*, 364 F.3d at 65.  For confinements of an "intermediate

duration - between 101 and 305 days - development of a detailed record of the conditions of the

confinement relative to ordinary prison conditions is required."  *Palmer*, 364 F.3d at 64-65.

Disciplinary segregation lasting more than 305 days implicates a protected liberty interest even if

served under "normal" SHU conditions because a term of that length is a "sufficient departure

from the ordinary incidents of prison life."  *Palmer*, 364 F.3d at 65 (quoting *Colon v. Howard*,

215 F.3d 227,  231 (2d Cir. 2000)).

Here, Plaintiff alleges that he served 60 days in keeplock.  Accordingly, a protected

liberty interest is implicated only if Plaintiff was confined under conditions "more severe" than

---

[33]     Although keeplock confinement and SHU confinement are not identical detention
statuses, the Second Circuit has applied the same procedural due process analytical framework to
both.  See e.g. *Palmer v. Richards*, 364 F.3d 60, 66-67 (2d Cir. 2004).

[34]      "Normal" SHU conditions include being kept in solitary confinement for 23
hours per day, provided one hour of exercise in the prison yard per day, and permitted two
showers per week.  *Ortiz v. McBride*, 380 F.3d 649, 655 (2d Cir. 2004).

"normal" SHU conditions.  Plaintiff has alleged no such conditions.  Compare *Welch v. Bartlett*,

196 F.3d 389 (2d Cir. 1999)(plaintiff alleged that while in the SHU he received "inadequate

amounts of toilet paper, soap and cleaning materials, a filthy mattress, and infrequent changes of

clothes); *Palmer*, 364 F.3d at 66 (plaintiff alleged that he suffered unusual SHU conditions such

as being deprived of his property, being mechanically restrained whenever he was escorted from

his cell, and being out of communication with his family); *Ortiz v. McBride*, 380 F.3d 649 (2d

Cir. 2004) (plaintiff alleged that he was confined to his cell for 24 hours a day, not permitted to

shower for weeks at a time, denied hygiene products, and denied utensils); *Wheeler v. Butler*, 209

F.App'x 14 (2d Cir. 2006)(plaintiff alleged that he was denied the use of his hearing aids during

his SHU confinement).  Therefore, Plaintiff has not sufficiently alleged that his confinement in

keeplock deprived him of a protected liberty interest.

District courts in the Second Circuit are split on whether a prisoner can state a procedural

due process cause of action when he alleges that he served less than 101 days in the SHU but

does not allege conditions more severe than normal SHU conditions.   Compare *Gonzalez-*

*Cifuentes v. Torres*, No. 9:04-cv-1470 GLS/DRH, 2007 WL 499620, at * 3 (N.D.N.Y. Feb. 13,

2007)("The Second Circuit has held that at least where the period of confinement exceeded thirty

days, refined fact-finding is required to resolve defendants' claims under *Sandin*.  No such fact-

finding can occur ... on a motion to dismiss")  and *Smart v. Goord*, 441 F. Supp. 2d 631, 641

(S.D.N.Y. 2006)("Smart has not alleged that the conditions of her confinement were more severe

than normal SHU conditions ... However, such detailed factual allegations are not necessary to

withstand a motion to dismiss ... Since Smart has alleged that she was confined for seventy days,

she has met her burden in alleging the deprivation of a protected liberty interest") with *Alvarado*

*v. Kerrigan,* 152 F. Supp. 2d 350 (S.D.N.Y. 2001) (granting motion for judgment on the

pleadings where prisoner's allegations about the conditions of his 93-day SHU confinement

failed to "elevate his confinement to the level of deprivation required under *Sandin)*; *Sales v.

Barizone*, No. 03 Civ. 6691RJH, 2004 WL 2781752, at *7 (S.D.N.Y. Dec. 2, 2004)(granting

motion to dismiss with leave to amend because plaintiff's "due process claim arising out of two

months' confinement in the SHU ... cannot survive the *Sandin* test absent further allegations")

*Tookes v. Artuz*, No. 00 Civ. 4969 RCC HBP, 2002 WL 1484391, at * 3 (S.D.N.Y. July 11,

2002) ("No such additional egregious circumstances are pled here.  Indeed, the complaint is

devoid of any allegations regarding the circumstances of plaintiff's confinement.  Nor has

[plaintiff] responded to the defendants' motion in order to provide further detail.  Therefore,

dismissal of plaintiff's due process claims is appropriate"); and *Prince v. Edwards*, No. 99 Civ.

8650, 2000 WL 633382, at *5 (S.D.N.Y. May 17, 2000) (dismissing case with prejudice where

the complaint contained "no allegations whatever regarding the conditions of [prisoner's 66-day]

confinement.").  The Second Circuit has never addressed this issue directly[35].

---

[35]     While the Second Circuit has stated that "development of a detailed record will
assist appellate review" of SHU cases and that "development of a detailed record of the
conditions of the confinement relative to ordinary conditions is required," it has done so only in
cases involving "intermediate" SHU confinements of 101 to 305 days.  *Colon*, 215 F.3d at 232;
*Palmer,* 364 F.3d at 64-65.  Even in this "intermediate" context, where a detailed record is
"required," the Second Circuit has not remanded a case for further development of the record
absent an allegation of severe SHU conditions.  For example, in *Iqbal v. Hasty*, 490 F.3d 143 (2d
Cir. 2007), the plaintiff was confined to a super-restrictive housing unit for six months.  He sued,
arguing in part that his procedural due process rights were violated.  The defendants moved to
dismiss.  The district court denied the motion, finding that the plaintiff had alleged the
deprivation of a liberty interest.  The defendants brought an interlocutory appeal.  The Second
Circuit affirmed, finding that "the Plaintiff's confinement of more than six months fell in the
intermediate range, thereby requiring inquiry into the conditions of his confinement, which he
*sufficiently alleges* to have been severe."  *Iqbal*, 490 F.3d at 163 (emphasis added).

The undersigned agrees with the *Alvarado, Sales*, *Tookes,* and *Prince* courts that a motion to dismiss can be granted where a prisoner who served less than 101 days in the SHU alleges that his procedural due process rights were violated but does not allege conditions more severe than normal SHU conditions.  The undersigned adopts this view for two reasons.  First, as discussed at length above, Rule 8 requires that a complaint include factual allegations that raise a right to relief above the speculative level to the plausible level.  Where a prisoner contends merely that his SHU confinement lasted for a period of something less than 101 days, without alleging that he served that SHU term under conditions more severe than normal SHU conditions, his right to relief under a procedural due process theory is purely speculative.  Second, the Second Circuit's manner of reviewing motions to dismiss in SHU confinement cases suggests that dismissal is the better course.  In its cases, the Second Circuit has focused on the *content* of the prisoner's allegations regarding SHU conditions rather than establishing a bright-line rule that a determination of whether conditions were "atypical and significant" cannot be resolved on a Rule 12(b)(6) motion.  For example, in *Ortiz*, the district court granted the defendants' motion to dismiss a case in which a prisoner complained of a 90-day SHU confinement.  The Second Circuit reversed, not because the *Sandin* issue can never be decided at the motion to dismiss stage, but because *the prisoner had alleged the existence of "conditions in SHU far inferior to those prevailing in the prison in general.*"  *Ortiz*, 380 F.3d at 655 (emphasis added).  Plaintiff's bare allegation that his procedural due process rights were violated by his 60-day keeplock confinement is insufficient to state a claim.  Therefore, I recommend that Plaintiff's procedural due process claim be dismiss with leave to amend.

b.      *Substantive due process*

Given the special solicitude due to *pro se* civil rights plaintiffs, I have deemed the

complaint to include a substantive due process claim and will address it *sua sponte* under 28

U.S.C. § 1915(e)(2).  Defendants have not addressed any possible substantive due process claim.

"Substantive due process protects individuals against government action that is arbitrary,

. . . conscience-shocking, . . . or oppressive in a constitutional sense, . . . but not against

constitutional action that is incorrect or ill-advised."  *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d

Cir. 1994) (internal quotation marks and citations omitted).  Very few conditions of prison life

are "shocking" enough to violate a prisoner's right to substantive due process.  In *Sandin*, the

Supreme Court provided only two examples: the transfer to a mental hospital and the involuntary

administration of psychotropic drugs.  *Sandin*, 515 U.S. at 479 n.4, 484.  Courts have also noted

that a prison official's refusal to obey a state court order to release a prisoner from disciplinary

confinement may violate the prisoner's right to substantive due process.  *Johnson v. Coughlin*,

No. 90 Civ. 1731, 1997 WL 431065, at *6 (S.D.N.Y. July 30, 1997); *Arce v. Miles*, No. 85 Civ.

5810, 1991 WL 123952, at *9 (S.D.N.Y. June 28, 1991).

Plaintiff's complaint does not allege facts plausibly suggesting that Defendants' actions

were arbitrary, conscience-shocking or oppressive in the constitutional sense.  As discussed

above, the complaint does not indicate that Plaintiff was held in unusual keeplock conditions.

Moreover, Plaintiff does not allege that Defendants refused to obey a state court order to release

him from disciplinary confinement.  Therefore, the complaint fails to state a claim for violation

of Plaintiff's right to substantive due process and I recommend that the claim be dismissed with

leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No. 16) be **GRANTED** with leave to amend.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.**[36]

---

[36]         *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: February 2, 2009
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].